## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASA GRANDE HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-779-PRW |
| | ) | |
| MICHEL CÔTÉ et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are Defendants' Motion for Sanctions (Dkt. 30) and Motion for Summary Judgment (Dkt. 31). Both motions have been fully briefed and are now ripe for decision. Although Defendants' Motion for Sanctions (Dkt. 30) was filed before their Motion for Summary Judgment (Dkt. 31), the Court addresses the summary judgment motion first because it resolves this case on the merits. For the reasons that follow, the Court **GRANTS** the Motion for Summary Judgment (Dkt. 31).

### *Background*

This action arises from the sale of a 1973 Cessna 421B aircraft from Defendants Michel Côté and C&S Ltd., to Plaintiff Casa Grande Homes, Inc.  In January 2022, Côté and Plaintiff entered into a purchase agreement in which Côté agreed to sell the aircraft in "'as is' condition … mak[ing] no representations or warranties whatsoever as to the fitness

1

or condition of the aircraft or equipment" to Casa Grande for a total price of $199,000.[1]

Casa Grande took possession of the aircraft in February 2022, but sent a demand letter to

Defendants on October 3, 2022, in which it claimed that, while there were "no issues" with

the aircraft indicated in the logbook, an inspection turned up "multiple problems with

pressurization, rust and airworthiness."[2] Plaintiff claimed in the demand letter to have spent

in excess of $150,000 on repairs and accused Defendants Côté and C&S of failing to

disclose material information related to the aircraft's condition and airworthiness.[3] Plaintiff

now sues Defendants Côté and C&S for breach of contract and detrimental reliance and all

Defendants for fraud in the inducement, related to alleged falsified entries in the aircraft's

logbooks and maintenance records.

### *Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant

summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." In considering a motion for

summary judgment, a court must view all facts and reasonable inferences in the light most

favorable to the nonmovant.[4] Courts are not to weigh the evidence and determine the truth

of the matter asserted, but instead are to determine only whether there is a genuine dispute

---

[1] Purchase Agreement, (Dkt. 31, Ex. 1), ¶3.

[2] Demand Letter (Dkt. 31, Ex. 7), at 1.

[3] *Id.*

[4] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted).

for trial before the fact-finder.[5] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[6] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue for either party.[7]

When, as here, the nonmoving party has the ultimate burden of persuasion at trial, the moving party "has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."[8] "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[9] "Once the moving party points out the absence of evidence to create a 'genuine issue' of a 'material fact' on which the non-moving party bears the burden of proof at trial, . . . [t]he non-moving party must set forth specific facts showing there is a genuine issue for trial."[10]

---

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[6] *Id.* at 248.

[7] *Id.*

[8] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002*), as amended on denial of reh'g* (Jan. 23, 2003) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

[9] *Id.*

[10] *Otis v. Canadian Valley-Reeves Meat Co.*, 884 F. Supp. 446, 449–50 (W.D. Okla. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995) (citing *Anderson*, 477 U.S. at 248).

*Analysis*

## I.    Plaintiff has failed to make out its claim for breach of contract.

As a preliminary matter, Plaintiff has produced no evidence it suffered a compensable injury. Under Rule 56(e)(2), the Court may consider facts undisputed when a party fails to support an assertion of fact or, as here, properly address another party's assertion of fact. Plaintiff agrees with Defendants that it purchased the aircraft for $199,000, spent $175,278.92 to address the aircraft's alleged "undisclosed problems," and believes the aircraft now to be worth approximately $375,000.[11] Because the aircraft's value increased by more than $175,000 after Casa Grande spent $175,000 on repairs, Defendants argue this implies the aircraft was worth at least $199,000 before repairs were made, meaning Casa Grande spent $199,000 on an aircraft it agrees was worth $199,000. Plaintiff has produced no evidence to suggest that Defendants are incorrect in their assertion that the plane was worth what Plaintiff paid at the time of purchase.

Under Oklahoma law, "[a]s a general rule, damages for breach of contract are limited to the pecuniary loss sustained, and exemplary or punitive damages are not recoverable."[12] Accordingly, and separate and apart from the fact that Plaintiff has failed to produce *any* evidence supporting its claim that Defendant breached the purchase agreement, and that the purchase agreement clearly stated that the aircraft would be sold in

---

[11] Pl.'s Resp. (Dkt. 32), ¶¶28–30.

[12] *Z.D. Howard Co. v. Cartwright*, 537 P.2d 345, 347 (Okla. 1975).

as-is condition with no guarantees as to its airworthiness, the Court **GRANTS** summary judgment in favor of Defendants Côté and C&S as to Plaintiff's breach of contract claim.

## II.    Plaintiff has provided no evidence to support its fraud claims.

What Plaintiff styles as a claim for "detrimental reliance" simply appears to be one for fraudulent inducement, as the constituent elements include Plaintiff showing "(1) a material misrepresentation; (2) known to be false at the time made; (3) made with specific intent that a party would rely on it; and (4) reliance and resulting damage."[13] Accordingly, the Court collapses the claim for detrimental reliance into the fraudulent inducement claim.

Plaintiff has failed to produce any evidence supporting its claims against Defendants. In their Motion for Summary Judgment (Dkt. 31), Defendants claim, relying on the text of the purchase agreement, that they made no representations as to the condition of the aircraft and disclaimed all warranties.[14] Plaintiff replies by stating that the aircraft could not pressurize and was in disrepair.[15] Only once does Plaintiff shed any real light on its claim, asserting that Defendants advertised the aircraft as being airworthy.[16] But in the Complaint, Plaintiff alleges that the logbooks and maintenance records were falsified, and it was *those* misrepresentations that induced Plaintiff to buy the aircraft.[17]

---

[13] *Oak Tree Partners, LLC v. Williams*, 458 P.3d 626, 646 (Okla. Civ. Apps. 2018) (citations omitted).

[14] Mot. Summ. Judg. (Dkt. 31), ¶7.

[15] Pl.'s Resp. (Dkt. 32), ¶7.

[16] *Id.* at ¶3.

[17] Compl. (Dkt. 1), ¶¶33–34.

Even after the Court granted Defendants' Motion to Compel (Dkt. 23), ordering Plaintiff to produce the logbooks and maintenance records and point to what entries were falsified, Plaintiff has failed to produce such evidence. Therefore, pursuant to Rule 56(e)(2), the Court considers Defendants' assertions conceded that the purchase agreement made clear that the sale of the aircraft was in as-is condition with no representation or warranties as to its condition. Because Plaintiff has produced no evidence that there was a material misrepresentation, there can necessarily be no showing (which Plaintiff has not attempted) that Defendants knew of any misrepresentations or acted with scienter in making them. Further, as previously discussed, Plaintiff has also failed to show any damages, as Plaintiff has offered no evidence rebutting Defendants' claim that Plaintiff purchased an aircraft valued at $199,000 for $199,000. Accordingly, the Court **GRANTS** summary judgment to all Defendants as to Plaintiff's fraud claims.

### III. Dismissal for failure to comply with court orders would have been an alternate, adequate basis for disposition.

Had the Court not had the opportunity to decide the case on the merits, it would have dismissed the action for Plaintiff's failure to comply with the Court's Order (Dkt. 28) granting Defendants' Motion to Compel (Dkt. 23). The Court issued an Order (Dkt. 40) on February 19, 2026, for Plaintiff to show cause why this action should not be dismissed for failure to comply with Judge Goodwin's Order (Dkt. 28) and produce the discovery material requested by Defendants. On March 5, 2026, Plaintiff replied and simply stated it had provided the aircraft's logbooks to Defendants at some point in 2026, months after the deadline in Judge Goodwin's original Order (Dkt. 28). In Response (Dkt. 44), Defendants

6

explained that Plaintiff's production of the logbooks did not satisfy Judge Goodwin's original Order (Dkt. 28). Plaintiff, for instance, still has failed to identify in all respects how the aircraft was not flight-worthy, the damages with line-item specificity that it had sustained, or portions of the logbooks and maintenance records that were alleged to have been falsified.[18] The Court's February 19, 2026 Order includes the Court's consideration of the factors listed in *Ehrenhaus v. Reynolds*[19] and warned Plaintiff, pursuant to the Court's analysis of the *Ehrenhaus* factors, that dismissal for failure to comply would be a likely outcome.[20] Accordingly, dismissal would have been appropriate grounds for disposition of this matter had the Court not granted judgment as matter of law.

### *Conclusion*

For the reasons previously stated, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. 31). A separate judgment will follow.

**IT IS SO ORDERED** this 12th day of March 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[18] Def.s' Resp. (Dkt. 44), at 2–3.

[19] 965 F.2d 916, 920 (10th Cir. 1992) (internal quotations and citations omitted).

[20] Order (Dkt. 40), at 4–5.